No. 27,414.

GEORGE E. KRUSE, *Appellant*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Person on Track—Contributory Negligence.* A demurrer to the evidence of the plaintiff is properly sustained where a father seeks to recover from a railroad company for loss of services of his son, and for nursing and medical attention given to him on account of injuries sustained by him by being struck by a railroad locomotive, if the evidence of the plaintiff fails to show that the railroad was guilty of any act of negligence, but does show that the son was guilty of negligence which contributed to his injury.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed June 11, 1927. Affirmed.

*George D. Rathbun* and *Ira C. Snyder,* both of Manhattan, for the appellant.

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, and *R. P. Evans,* of Manhattan, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is by the plaintiff, the father of Clinton Kruse, to recover for loss of services and for nursing, medical attention, and services rendered to Clinton Kruse on account of injuries sustained by him by being struck by a locomotive operated by the defendant. Judgment was rendered in favor of the defendant on its demurrer to the evidence of the plaintiff, who appeals.

The evidence of the plaintiff tended to prove that the defendant's passenger station in Manhattan extended south from the east end of Yuma street; that in front of the passenger station there were five railroad tracks; that from the station the main-line tracks of the defendant for eastbound trains ran almost directly north; that a track connected a branch line of the railroad with the main-line track next to the station; that the first street north of Yuma street was Colorado street, one of the principal streets of the city; that the platform at the station was made of gravel; that the ground between the station and Colorado street was covered with gravel, and

Railroads, 33 Cyc. pp. 889 n. 54, 890 n. 56, 894 n. 72; 49 L. R. A. n. s. 679; 22 R. C. L. 969, 972.

that among the rules of the defendant governing employees in the operation of trains were the following:

"When a passenger, mail or express train is standing at a station, or is starting to leave a station, all other trains must stop outside of depot platform, and remain there until the other train has moved clear of the depot platform, and until all persons have had ample time to get across the track, except that when a passenger, mail or express train is delayed after having done their station work, the conductor will notify the train that is waiting for the station ground to clear that his train will be further delayed, after which the train so notified may pass, by sending a flagman immediately ahead of the engine and following him very carefully."

"Trains must use caution in passing a train receiving and discharging traffic at stations, and must not pass between it and the platform at which passengers are being received and discharged."

The evidence of the plaintiff also tended to prove that Clinton Kruse was a minor seventeen years old; that, intending to mail a letter on eastbound train No. 170, which was coming in on the second track from the station at a little after five o'clock in the evening, he drove on Colorado street to the tracks, a block north of the station, left the automobile, and walked along the side of the connecting track toward the place where the mail car on train No. 170 usually stopped; that before he left Colorado street he saw the locomotive which struck him standing near-by; that the locomotive whistled, started, and, ringing its bell, moved slowly along the connecting track behind him; that after walking along the side of the connecting track for some distance, without again looking toward the locomotive, he turned east and attempted to cross the connecting track; that while he was so doing, the locomotive struck and injured him; that he did not attempt to go to the passenger station, nor from the station to the mail car; that the locomotive did not go between the station and train No. 170, but was on the connecting track almost a block from the station at the time of the accident.

The evidence did not show that the defendant was negligent in any particular. It did show that Clinton Kruse was negligent in attempting, without looking, to cross the railroad track on which the locomotive was moving, after he had seen it standing nearby. The demurrer to the evidence was properly sustained.

The judgment is affirmed.